UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DRAVIAN DRAVIUS DARVIN BYRD,

    Plaintiff,

v.                                      Case No. 3:25-cv-1416-JEP-PDB

DEPARTMENT OF CORRECTIONS,

    Defendant.
_____

### ORDER OF DISMISSAL WITHOUT PREJUDICE

    Plaintiff, an inmate of the Florida Department of Corrections (FDC), initiated this action in the Northern District by filing a *pro se* Complaint for the Violation of Civil Rights under 42 U.S.C. § 1983 (Doc. 1), along with a request to proceed as a pauper (Doc. 2). Because Plaintiff complains about an incident that occurred at the Reception and Medical Center in Lake Butler, Florida, the Northern District transferred the case here. *See* Doc. 4. In his Complaint, Plaintiff alleges a corrections officer ignored him when he expressed he was having suicidal thoughts, struck him in the stomach and face, and threatened him. *See* Doc. 1 at 5–6. Plaintiff does not name the corrections officer as a Defendant, however. *See id.* at 1–2. Rather, he names only the FDC. *Id.* As relief, he seeks damages. *Id.* at 7.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). Since the PLRA's "failure-to-state-a-claim" language mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). *See also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). In reviewing a complaint, a court must accept the plaintiff's

allegations as true, liberally construing those by a plaintiff proceeding *pro se*, but need not accept as true legal conclusions. *Iqbal*, 556 U.S. at 678.

Plaintiff's Complaint is subject to dismissal under the PLRA because he fails to "state a claim to relief that is plausible on its face." *See id.* To state a claim under § 1983, a plaintiff must allege that a "person" acting under the color of state law deprived him of a right secured under the United States Constitution or federal law. The state of Florida, including a state agency such as the FDC, is not a person subject to monetary liability under § 1983. *Gardner v. Riska*, 444 F. App'x 353, 355 (11th Cir. 2011).[1] *See also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding an official-capacity suit is essentially a suit against the state, which is not a "person[] under § 1983").

Because a claim for damages against the FDC is "frivolous," *see Gardner*, 444 F. App'x at 355, this case will be dismissed without prejudice subject to Plaintiff's right to initiate a new case if he wants to proceed on any plausible claim(s) against a "person."

Accordingly, it is

**ORDERED:**

1.   This case is **DISMISSED without prejudice**.

---

[1] The Court does not rely on unpublished decisions as binding authority; any unpublished decisions cited in this Order are deemed persuasive authority on the relevant point of law. *See McNamara v. GEICO*, 30 F.4th 1055, 1061 (11th Cir. 2022).

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3. The **Clerk** shall send Plaintiff a "Complaint for Violation of Civil Rights (Prisoner)" form. If Plaintiff chooses to initiate a new case by filing a new complaint, he should not put this case number on the form because the Clerk will assign a new case number upon receipt.

**DONE AND ORDERED** in Jacksonville, Florida, on November 21, 2025.

_____
JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

Jax-6
c:
Dravian Dravius Darvin Byrd, #K94094

4